UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTA WILLIAMS,

        Plaintiff,                      No. 03-CV-74788-DT

vs.                                           Hon. Gerald E. Rosen

G.M. MORTGAGE CORPORATION,
et al.,
        Defendants.
_____/

ORDER DENYING DEFENDANTS'
MOTIONS FOR SANCTIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 30, 2005      

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

I. INTRODUCTION

This matter is presently before the Court on two motions for Rule 11 sanctions: (1) Defendants G.M. and Source One Mortgage Corporations' "Motion for Costs and Sanctions Following Grant of Summary Judgment" and (2) Defendants Leonid Smorgonsky and Marina Smorgonsky's "Motion for Rule 11 Sanctions."[1] Both of these

---

[1] Plaintiff has also filed a Motion to Strike Defendants G.M. and Source One's Reply and Reply Brief for Defendants' non-compliance with the deadline and page limitations for reply briefs set forth in Eastern District Local Rule 7.1(d)(1)(C). Although Plaintiff is correct that Defendants' brief is not in compliance with the Local Rule, it is within the Court's discretion whether to allow the filing of a non-conforming brief. And,

1

motions were filed a month after the Court entered summary judgment in Defendants' favor. Because Defendants have not complied with Rule 11's "safe harbor" and timing provisions, their motions will be denied.

## II. BACKGROUND

Plaintiff Roberta Williams filed her Complaint in this action on November 26, 2003 seeking to set aside the mortgage foreclosure of her home and damages from Defendants G.M. Mortgage Corporation, now known as "Source One Mortgage Corporation" (collectively referred to herein as "GMMC"), mortgage assignees Leonid and Marina Smorgonsky (the "Smorgonskys"), and two other entities which were previously dismissed from this action, claiming that the foreclosure should be enjoined and her mortgage rescinded based upon allegations that Defendants failed to comply with the federal Truth-in-Lending and Home Owners' Equity Protection Acts. On December 17, 2003, GMMC filed with the Court and served upon Plaintiff Williams its Answer to the Complaint and on that same date also filed with the Court and served upon Plaintiff a Motion for Rule 11 Sanctions. The Smorgonskys filed and served their Answer on January 7, 2004.

Plaintiff's deposition was taken on January 23, 2004 and, on January 26, as directed by the Court, the parties filed cross-motions for summary judgment. After reviewing the parties' motions and briefs, and after discussing this matter with counsel

---

inasmuch as Plaintiff is not prejudiced by the non-conformity, Plaintiff's Motion to Strike will be DENIED.

for the parties on July 29, 2004,[2] on August 18, 2004, the Court entered an Opinion and Order and Judgment granting the Defendants' motions for summary judgment, denying Plaintiff's cross-motion for summary judgment, and dismissing Plaintiff's Complaint, in its entirety, with prejudice.

On September 16 and September 21, 2004, GMMC and the Smorgonskys, respectively, filed separate motions for Rule 11 sanctions.[3] It is these motions which are presently before the Court for adjudication.

### III. DISCUSSION

Both GMMC and the Smorgonskys ask the Court to impose sanctions upon both Plaintiff and Plaintiff's counsel.

The Smorgonskys urge that Plaintiff and her Legal-Aid attorneys should be

---

[2] The summary judgment motions were originally scheduled for hearing on March 25, 2004. However, on March 23, 2004, Plaintiff moved for leave to amend her complaint to add Advanced Equities, the purchaser of Plaintiff's home at the sheriff's foreclosure sale, as a party-defendant. To allow sufficient time for service of process upon Advanced Equities and to allow Advanced Equities an opportunity to respond to the motions for summary judgment, the March 25 hearing was adjourned and rescheduled for May 13, 2004. (It was the Court's intent that the summary judgment motions be resolved within the 6-month mortgage foreclosure redemption period.) Plaintiff, however, had difficulty in effectuating service of process upon Advanced Equities and ultimately had to seek leave of the Court for alternate service. The Court found that Advanced Equities was evading service, and accordingly, allowed for service of process by publication and posting. In order to allow sufficient time for such alternative service, the Court was required to, once again, adjourn the summary judgment hearing. Advanced Equities finally answered Plaintiff's Complaint on May 27, 2004, and after sufficient time for Advanced Equities to respond to the pending summary judgment motions, the Court re-scheduling the hearing on this matter for July 29, 2004.

[3] GMMC also requested costs under 28 U.S.C. § 1919.

sanctioned under Rule 11 arguing that:

> 3. Allegations contained in the complaint were false and/or misleading being unsupported by both law and fact, and were made in bad faith and for vexatious purposes ("Complaint).
>
> 4. The Complaint was filed without investigation or reasonable inquiry into the facts, or in willful disregard for the facts.
>
> 5. The Complaint was also filed without investigation or reasonable inquire [into] the law which existed at the time of the transaction which forms the basis of the Complaint, or in willful disregard of said law.
>
> 6. The allegations made in this action are false and have been made recklessly and without proper investigation into the accuracy of the facts or application of pertinent law.
>
> 7. This action was prosecuted without regard for the absence of factual or legal support for the Complaint.

[Smorgonsky Motion, ¶¶ 3-7.]

GMMC argues for imposition of sanctions contending that

> 1. Plaintiff levied this action without basis in fact or law.
>
> 2. Each of the several allegations in the Complaint are false and fabricated.
>
> 4. . . . Plaintiff's attorneys also made countless false statements and misrepresentations. . . in subsequent pleadings and motions to the Court.

[GMMC Motion, ¶¶ 1-4.] GMMC further bases a substantial portion of its argument on allegedly false statements made by Plaintiff at her deposition and in affidavits during the course of litigation. *Id.* at ¶¶ 5-17.

4

As sanctions, both the Smorgonskys and GMMC ask the Court to award them their costs and attorneys fees incurred in this action. The Smorgonskys seek an award of $14,349.68 and GMMC seeks $18,647.57.

Fed. R. Civ. Pro. 11 provides, in relevant part, that

**(b)** By presenting to the court. . . a pleading, written motion, or other paper, an attorney. . . is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances --

>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay, or needless increase in the cost of litigation;
>
>(2) the claims, defenses and other legal contents therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;
>
>(3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for investigation or discovery; and
>
>(4) the denials or factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c)** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(b),(c).

The "conditions" referenced in subsection (c) of the Rule include the "safe harbor"

provisions of subdivision (1):

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, **but shall not be filed with or presented to the court unless, within 21 days after service of the motion. . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected**. . . .

Fed.. R. Civ. P. 11(c)(1)(A).

> As the Advisory Committee Notes explain:
>
> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after, receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. . . . [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

There is no question that neither the Smorgonskys nor GMMC complied with the "safe harbor" procedural requirement.  The Court's record of this case shows that both motions were filed with the Court on the same day that they were served upon the Plaintiff.[4]

Further, it matters not that the "safe harbor" provision may not have any effect where, as here, the Court has already rendered its judgment in the case.  The Sixth Circuit

---

[4] The same is true of GMMC's December 17, 2003 Motion for Sanctions submitted together with GMMC's Answer to Plaintiff's Complaint.  This Motion, like the instant Motion, was served upon the Plaintiff and filed with the Court the same day.  *See* Docket No. 17.

addressed this precise issue in *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998). In *Ridder*, the Court of Appeals reversed a district court's post-summary judgment award of Rule 11 sanctions, finding that the district court abused its discretion in excusing the defendants' failure to comply with the safe harbor provisions because it determined that to insist on compliance with the provision would have been a "vain act" where the plaintiff's counsel had evidenced a willingness to persist in meritless claims and that the provision is rendered a mere "empty formality" when a motion for sanctions comes after summary judgment has been granted. The appellate court explained its rejection of such a "futility" argument:

> . . . <u>Rather than excusing [defendant's] noncompliance, we instead hold that [defendant] has given up the opportunity to receive an award of Rule 11 sanctions in this case by waiting to file the motion until after the entry of summary judgment.</u> As stated above, a motion for sanctions under Rule 11 must be served on the offending party for a period of "safe harbor" at least twenty-one days prior to the entry of final judgment or judicial rejection of the offending contention. A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention.
>
> Pragmatic realities require such strict adherence to the rule's outlined procedure. By delaying the motion until after summary judgment was granted, [defendant] deprived [plaintiff's] counsel of the "safe harbor" to which the rule says he is entitled. Had [plaintiff's] counsel been allotted his "safe harbor" service, he could have avoided sanction by withdrawing the claims against Springfield. That is the very essence of a "safe harbor." Instead, [plaintiff's] counsel was unable to choose for himself whether to continue asserting claims against the [defendant] when faced with a potential payout from his own pocket. <u>Neither the opposing party nor the [district] judge should, with hindsight, step into the attorney's shoes to speculate as to whether the prospect of a fine or other sanction would have</u>

<u>sufficiently motivated the attorney to withdraw the offense. . .</u>

109 F.3d at 297 (emphasis added).

Therefore, the *Ridder* court held that

> [S]anctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one da "safe harbor" period before it is filed with or presented to the court; <u>this service and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule 11.</u>

*Id.* (emphasis added).

*Ridder* makes clear that strict adherence to Rule 11's safe harbor provision is a pre-requisite for an award of sanctions and it is clear in this case that Defendants in this case failed to comply with the provision.

Nor does the Court find that GMMC may be deemed to have "substantially complied" with the safe harbor provision here by virtue of its having filed a previous motion for sanctions at the same time that it filed its Answer to the Complaint. As noted above, GMMC did not comply with the safe harbor provision when it filed this initial motion: it served Plaintiff with its motion on the same day that it filed the motion with the Court. Furthermore, in the instant motion, GMMC goes far beyond complaining only about the allegations in the Complaint; rather the majority of its motion is directed at matters that occurred *during the course of litigation*. Certainly, its December 17, 2003 motion cannot serve as notice of the deficiencies complained of in pleadings, motions, briefs and affidavits filed *after* that date. At best, the earlier filed non-complying motion

for sanctions might serve as informal notice that Rule 11 sanctions might be pursued for subsequent violations. Such informal notice, however, cannot under *Ridder*, which is controlling Sixth Circuit precedent, substitute for full compliance with the Rule's requirements. *See McKenzie v. Berggren*, 212 F.R.D. 512, 514 (E.D. Mich. 2003).

Finally, the Court also rejects GMMC's request for costs under 28 U.S.C. § 1919. Section 1919 provides:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Without any citation of authority whatsoever, GMMC contends that because the Court held that certain of Plaintiff's claims were time-barred, this meant that Plaintiff's action was "levied without jurisdiction," and, therefore, GMMC is entitled to costs under Section 1919. Federal subject matter jurisdiction, however, does not turn on whether a complaint is timely filed, and nothing in the Truth-in-Lending and Home Owners' Equity Protection Acts suggest otherwise.

## CONCLUSION

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant G.M. and Source One Mortgage Corporations Motion for Costs and Sanctions Following Grant of Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendants Leonid and Marina Smorgonsky's

Motion for Rule 11 Sanctions is DENIED.

    IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant G.M./Source One's Reply and Reply Brief is DENIED.

                      s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated:  October 6, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2005, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager